UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW MEXICO,<br><br>　　　　　　　　　　Plaintiffs<br><br>　　　v.<br><br>CHEVRON MINING, INC.<br><br>　　　　　　　　　　Defendant | Civil Action No. |

# COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General of the United States, acting at the request of the U.S. Department of the Interior ("Interior"), acting through the U.S. Fish and Wildlife Service ("FWS") and the Bureau of Land Management ("BLM"), and also acting at the request of the U.S. Department of Agriculture ("USDA"), acting through the USDA Forest Service; and the State of New Mexico ("State"), by and through its Attorney General, on behalf of the people of the State of New Mexico and the New Mexico Office of the Natural Resources Trustee ("NMONRT"), file this Complaint and allege as follows:

## NATURE OF ACTION

1. This is a civil action under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), to recover from Defendant Chevron Mining, Inc. ("Defendant") damages for injury to, destruction of, or loss of natural resources, including lost ecological services, resulting from releases and the threat of

1

releases of hazardous substances at and/or from the Molycorp Site (the "Site") in Taos County, New Mexico, including the unreimbursed, reasonable costs incurred by the Trustees in assessing such damages.

2. The United States and the State also seek a declaratory judgment that the Defendant is liable for any further natural resource damages incurred by the United States and the State.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345; Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

4. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b); and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), inasmuch as it is the judicial district in which the Defendant may be found, in which a release and threat of release of hazardous substances have occurred, and in which affected natural resources are located.

## PLAINTIFFS

5. Plaintiff, the United States of America, has commenced this action on behalf of Interior, FWS, BLM, USDA and the Forest Service, the federal agencies that have been designated by the President to act on behalf of the public as trustees for natural resources belonging to, managed by, controlled by, or appertaining to the United States.

6. Plaintiff, the State of New Mexico, has commenced this action on behalf of NMONRT, the state agency that has been designated by the Governor of the State to act on behalf of the public as trustee for natural resources belonging to, managed by, controlled by, or appertaining to the State. The New Mexico Attorney General is the legal representative of the NMONRT pursuant to N.M. Stat. Ann. § 75-7-3(C). The New Mexico Attorney General also

has authority to prosecute all actions in which the State may be a party or interested pursuant to N.M. Stat. Ann. § 8-5-2(B).

7. Department of Interior, FWS, BLM, USDA, the Forest Service, and NMONRT are referred to collectively in this Complaint as the "Trustees."

### DEFENDANT

8. Defendant is a corporation doing business in the State of New Mexico. Defendant acquired the Molycorp Site when Union Oil Company of California merged with Chevron Corporation in 2005, and Chevron Corp. then combined its mining subsidiary, P&M Mining Company, with Molycorp to become Chevron Mining Inc. in 2007.

### STATUTORY AUTHORITY

9. Section 107(a) of CERCLA provides in pertinent part as follows:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in section (b) of this section -

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> * * *
>
> (4) . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for -
>
> * * *
>
> > (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

42 U.S.C. § 9607(a).

## GENERAL ALLEGATIONS

10. The Site is located near Questa, New Mexico. The Site is a "facility," as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). The Site includes a molybdenum mine and its associated tailings ponds. The Site also includes a tailings slurry pipe line that transports tailings to the ponds. The mine is located on about six square miles of land, and the tailings ponds are located on about three square miles of land. The pipeline is located between the mine and tailings ponds. The Red River runs immediately south of the mine and tailings ponds, and flows into the Rio Grande downstream of the tailings ponds.

11. Small scale underground mining operations began at the Site in 1918. The underground workings grew and by 1954 the underground complex contained over 35 miles of mine workings. Defendant developed an open pit at the mine beginning in 1965. During open pit, mining operations, Defendant excavated approximately 328 million tons of overburden rock, some of which had the potential to generate acidic drainage, to expose the molybdenum ore. Defendant deposited this overburden in rock piles at the Site. Defendant extracted molybdenite at the mine through milling and concentrating operations, and then transported tailings and water to the tailings ponds *via* 9-mile-long pipelines. There have been numerous spills from the pipelines, which run parallel to and near the Red River. There are more than 100 million tons of fine-grained tailings in the four tailings ponds.

12. The Trustees and others conducted investigations and detected "hazardous substances" as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), in the surface water, groundwater, soil and sediments at the Site and adjacent areas. Defendant's operations at

the Site have caused elevated levels of hazardous substances such as cadmium, copper, lead, silver, and zinc in the vicinity of the Site. Defendant's operations at the Site have also caused significant contamination in the Red River due to surface water runoff, and due to seepage from contaminated groundwater. Hazardous substances have been released into the environment at and from the Site through direct discharge, seeps, surface water runoff, and groundwater migration.

13. The Trustees conducted natural resource damage assessment activities at the Site and adjacent areas pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f). Studies have shown hazardous substances and contaminants of concern in surface water downstream of the Site at levels that exceed State water quality standards. Similarly, groundwater in the vicinity of the mine and the tailings ponds has been contaminated with hazardous substances and contaminants of concern at levels that exceed State groundwater quality standards. Studies have also shown elevated levels of hazardous substances and contaminants of concern in sediments in the Red River. Studies have also shown decreased fish population in the River, as well as impaired health of the fish in the River.

14. The Trustees evaluated the effect of the releases and discharges of hazardous substances on natural resources. The Trustees also evaluated injury, loss, or destruction of natural resources and resource services. The Trustees determined that there have been injuries to natural resources in the vicinity of the Site. The historical studies and the Trustees' assessment activities have shown that releases of hazardous substances from the Site have caused injuries to natural resources at and in the vicinity of the Site including but not limited to injuries to surface water, groundwater, terrestrial habitat, and fish populations.

15. The release of hazardous substances caused and continues to cause injury to, destruction of, and loss of natural resources, as defined by 101(16) of CERCLA, 42 U.S.C. § 9601(16). The Red River is a popular multiple-use watershed, and includes a State fish hatchery located 3 miles downstream of the tailings facility. The River provides water for irrigation and livestock and serves as a wildlife habitat. In 1983, the Red River and the Rio Grande in the vicinity of their confluence were designated as a Wild and Scenic River by the BLM. The mine is surrounded by the Carson National Forest. The public has suffered and continues to suffer the loss of natural resource services (including ecological services) as a consequence of the injuries to natural resources in the Red River area.

16. The Trustees incurred and will continue to incur costs in assessing the injuries to natural resources at the Site and adjacent areas. The Site is on the National Priorities List of Superfund Sites, and a remedy has been selected for Site under CERCLA.

### CLAIM
### (Natural Resource Damages under Section 107 of CERCLA)

17. Plaintiffs re-allege paragraphs 1 through 16.

18. Defendant owned and continues to own the Site, from which there have been and continue to be releases and threats of releases of hazardous substances into the environment within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

19. Defendant operated the Site, from which there have been and continue to be releases and threats of a release of hazardous substances into the environment within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

20. The releases and threats of releases of hazardous substances into the environment from a facility owned and/or operated by Defendant has caused and continues to cause injury to,

destruction of, and loss of natural resources, within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

21. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to Plaintiffs for damages for injury to, destruction of, and loss of natural resources caused by releases and threats of releases of hazardous substances from the Site into the environment, including the loss of use of such resources; costs of restoration, replacement, or acquisition of equivalent resources; and the Plaintiffs' costs of assessing such injury and damage.

22. Under Section 113(g) of CERCLA, 42 U.S.C. 9613(g), Defendant is jointly and severally liable to the United States and the State in any subsequent action or actions to recover further damages.

### PRAYER FOR RELIEF

Plaintiffs request that this Court enter judgment against Defendant and:

(1) Defendant to pay to Plaintiffs' damages for the injury to, destruction of, and loss of natural resources, within the trusteeship of the United States and the State of New Mexico, caused by releases and the threat of releases of hazardous substances into the environment at and from the Site and adjacent areas;

(2) Order Defendant to reimburse Plaintiffs for costs they have incurred in their assessment of the injury to natural resources and damages for such injury caused by releases and the threat of releases of hazardous substances into the environment at and from the Site and adjacent areas;

(3) Order Defendant to pay Plaintiffs for future costs they will incur in overseeing and monitoring restoration work necessary to compensate for injury caused by the releases and threat of releases of hazardous substances into the environment at and from the Site and adjacent areas; and

(4) Award Plaintiffs such other and further relief as this Court may deem just and proper, including preserving any other claims of plaintiffs related to the Site.

(Complaint: U.S. and New Mexico v. Chevron Mining, Inc.)

Respectfully submitted

*[signature]*

Sam Hirsch
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*[signature]*

Thomas A. Mariani, Jr.
Environmental Enforcement Section
U.S. Department of Justice, P.O. Box 76711
Washington, DC 20044-7611
Phone: (202) 514-4620
Email: Tom.Mariani@usdoj.gov

Damon P. Martinez
United States Attorney
District of New Mexico

*[signature]*

Howard Thomas
Assistant United States Attorney
District of New Mexico
201 3rd Street NW (Suite 900)
Albuquerque, NM 87102
Phone: (505) 224-1402

Gary K. King
Attorney General

*Judith Ann Moore* (by TM w/ Ms. Moore's authority)

Judith Ann Moore (N.M. Bar No. 1858)
Assistant Attorney General
Water, Environment & Utilities Division
New Mexico Attorney General's Office
111 Lomas Blvd NW Suite 300
Albuquerque, NM 87102
Phone: (505) 222-9024
Email: AMoore@nmag.gov